UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW JAMES SHORE,

          Plaintiff,

  v.

WASHINGTON STATE et al.,

          Defendant.

Case No. C18-1859 RAJ-BAT

**REPORT AND RECOMMENDATION**

On December 21, 2018, plaintiff filed a 28 U.S.C. § 1983 civil rights complaint against Washington State, DSHS, King County Prosecutor's Office and King County Department of Health. Dkt. 4. After the Court granted permission to proceed *in forma pauperis*, the Court screened the complaint and determined it was deficient. However, as plaintiff proceeds *pro se*, the Court granted him leave to file an **amended complaint** by **January 16, 2019**. The Court informed plaintiff that if he did not submit an amended complaint by that date curing the deficiencies noted below, the Court will recommend that the complaint be dismissed.

**DISCUSSION**

Plaintiff's complaint contains several separate allegations. First the complaint alleges plaintiff is a class member of *Trueblood et al., v. DSHS*, C14-1178-MJP. Dkt. 4. In his complaint plaintiff challenges the unconstitutional delay of class members' competency or restoration

REPORT AND RECOMMENDATION - 1

services. The complaint asserts that although plaintiff is a class member he seeks to bring a separate action, and that the basis of plaintiff's claim is he has been in custody for 50 days which violates the order entered in *Trueblood* "requiring D.S.H.S. to provide services within 7 to 14 days." *Id.* However, the relief plaintiff seeks in this allegation is covered by the class settlement agreement and plaintiff is thus barred from bringing a separate action. *See* C14-1178-MJP (Dkt. 623).

Second, plaintiff alleges that due to medical negligence, or a local policy or custom, he was "adversely affected." *Id.* This does not state a claim for relief because negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988). Moreover, plaintiff fails to identify who failed to provide him medical care, why the failure violated his rights, and what harm he sustained by this failure. An inmate such as plaintiff may bring an action for violation of his constitutional rights under 42 U.S.C. § 1983 if he can show that (1) a state actor (2) violated his constitutional rights. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). However, because the complaint lacks facts showing a violation, plaintiff fails to state a viable claim for relief under § 1983.

Additionally the complaint's statement about injury caused by policy or custom also fails to state a claim for relief because plaintiff fails to present any facts establishing that he was denied medical care and harmed based upon a policy or custom of a defendant.

Third, plaintiff alleges the Eleventh Amendment bars suits against Washington State. The State of Washington has not waived its Eleventh Amendment immunity. *Whiteside v. State of Washington*, 534 F.Supp. 774 (E.D. Wash. 1982). Therefore, the State of Washington cannot be named as a defendant, as the complaint does so here.

Fourth plaintiff alleges there have been "material breaches" of his federal and state constitutional rights and state criminal rules regarding providing plaintiff with a copy of the criminal information; time for trial and "hindering" discovery, evidence and material witness testimony. Due to these breaches, plaintiff asks the court to dismiss his criminal case or order his immediate release. *Id.* Plaintiff is barred from challenging his pending criminal charges in a 42 U.S.C. § 1983 lawsuit. Federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). The *Younger* abstention doctrine requires that a district court dismiss a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). All of the *Younger* criteria are satisfied here. The proceedings are ongoing, involve a criminal prosecution that implicates important state interests, and there is nothing to indicate that plaintiff cannot raise in his criminal case the same claims he raises here or that there is a danger of great and immediate irreparable harm. Therefore, it appears that this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves and it should be dismissed.

In short, the complaint contains numerous deficiencies. Some of the deficiencies do not appear to be curable: (1) claims for relief covered by the class settlement agreement; (2) claims against the State of Washington which is an immune party; and (3) claims regarding plaintiff's pending criminal case and request for dismissal of criminal charges or release from confinement. The complaint also contains a deficient claim regarding medical care. The current allegation alleges medical negligence, which is not a basis for federal relief.

To avoid dismissal, the Court informed plaintiff he must file an **Amended Complaint addressing the following**: If plaintiff seeks to pursue a federal claim regarding the medical care he is receiving plaintiff must write out a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what that person did or failed to do; (4) how the action or inaction of that person is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of that person's conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976). As noted above, this claim must be for conduct that is **not** covered by the class settlement agreement noted above.

The Court also informed plaintiff must file the amended complaint that addresses the deficiencies discussed above no later than **January 16, 2019**, and that if plaintiff did not file an amended complaint by January 16, 2019, the Court will recommend the complaint be dismissed. As plaintiff has failed to file an amended complaint or communicated with the Court in any fashion the Court recommends the matter be dismissed without prejudice.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore plaintiff shall not filed a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Any objections to this Recommendation must be filed and served upon all parties no later than Tuesday **February 5, 2019.**  The Clerk should note the matter for Friday, **February 8, 2019**, as ready for the District Judge's consideration.  Objections shall not exceed eight (8) pages. The failure to timely object may affect the right to appeal.

The Clerk shall provide a copy of this report and recommendation to plaintiff and the

REPORT AND RECOMMENDATION - 4

assigned District Judge.

DATED this 22nd day of January, 2019.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5